
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS TREVIZO-RUBIO, | No.   15-73554 |
| Petitioner, | Agency No. A200-088-887 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Luis Trevizo-Rubio, a native and citizen of Mexico, petitions for review

of the Board of Immigrations Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his applications for asylum, withholding

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in its conclusion that Trevizo-Rubio failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States

2

who are believed to be wealthy does not constitute a particular social group).

Thus, Trevizo-Rubio's asylum and withholding of removal claims fail.[1]

Substantial evidence supports the BIA's determination that Trevizo-Rubio did not establish that he is more likely than not to be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, his CAT claim also fails.

**PETITION FOR REVIEW DENIED.**

---

[1] Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).